**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

THOMAS MICHAEL TROLLOPE,     )
                             )
          Petitioner,        )
                             )     **CIV 99-1270 PHX ROS (MEA)**
          v.                 )
                             )     **REPORT AND RECOMMENDATION**
TERRY L. STEWART, et al.,    )            **UPON REMAND**
                             )
          Respondents.       )
_____)

**TO THE HONORABLE ROSLYN O. SILVER:**

        Pursuant to an order of the Ninth Circuit Court of Appeals, the undersigned submits this Report and Recommendation Upon Remand with regard to the Petitioner's action for federal habeas relief from his state conviction.

        **I Background**

        On September 13, 1989, Petitioner was charged by means of a grand jury indictment with nine counts involving felony dangerous crimes against children. See Docket No. 153, Exh. A. The charges were comprised of two counts of kidnapping, three counts of molestation of a child, and one count each of aggravated assault, criminal trespass in the first degree, attempted kidnapping, kidnapping, and sexual abuse. See id., Exh. A. The offenses were alleged to have occurred on four separate dates: November 24, 1988 (Counts 1 through 4, involving

victim L.T.), April 22, 1989 (Count 5, involving victim F.K.), June 13, 1989 (Count 6, involving victim S.G.), and July 31, 1989 (Counts 7 through 9, involving victim H.C.).  Id., Exh. A.

On May 14, 1990, Petitioner entered into a plea agreement, agreeing to plead no contest to two counts of child molestation (Counts 3 and 8, involving victims L.T. and H.C.) and one count of attempted sexual abuse (Count 9, involving victim H.C.).  Id., Exh. B.  On August 24, 1990, the trial court sentenced Petitioner to an aggravated term of 22 years imprisonment pursuant to his conviction on Count 3 for child molestation.  Id., Exh. E.   The trial court also sentenced Petitioner to a consecutive term of 18 years imprisonment pursuant to his conviction on a charge of attempted sexual abuse (Count 9), and a term of lifetime probation on the other conviction for child molestation (Count 8).  Id., Exh. E.

Petitioner took a direct appeal of his convictions and sentences, which was denied, and he filed numerous unsuccessful petitions for post-conviction relief and petitions for review in the Arizona trial court, the Arizona Court of Appeals, and the Arizona Supreme Court.  See Docket No. 74, Exhs. C, E, H–L, R, T–Y, EE–II, KK, LL, OO–QQ, SS–UU, WW, CC, DDD, GGG.

In his eighth state petition for post-conviction relief, filed October 31, 1994, Petitioner alleged, *inter alia*, that he had newly discovered evidence in the form of phone records, which cast doubt on his guilt regarding Count 3, one of the charges to which he had pled nolo contendere.  Id., Exh. F. Petitioner maintained the phone records established that he was

living in Sedona on November 24, 1988, the date of the kidnapping and molestation alleged in Counts 1 through 4, which events occurred in Phoenix. <u>Id.</u>, Exh. F.  Petitioner asserted the evidence established that he was in Sedona, on the phone, on that date and could not have committed those crimes. <u>Id.</u>, Exh. F.

On June 13, 1996, the Arizona trial court determined that Petitioner's claim of new evidence warranted additional investigation. <u>See</u> Docket No. 153, Exh. G.  The state trial court appointed an investigator to assist Petitioner's appointed advisory counsel in obtaining and presenting evidence of the telephone records to the state court. <u>See id.</u>, Exh. G.

On August 15, 1996, Petitioner's appointed counsel filed a "Notice of Filing and Explanation of Phone Records." <u>Id.</u>, Exh. H.   In the "Explanation of Phone Records," Petitioner's counsel stated:

> ... the "telephone documents have some relevance to the case in that they seemingly indicate that calls were made from [Petitioner's] telephone in Sedona before and after the time of the incident in question in the count involving [L.T.], which occurred November 24, 1988 at 09:00. The records do not indicate calls during the time of the incident. Thus, it would be overstating the case to say that the records provide an alibi. But the records are relevant to narrowing the time during which the defendant would have had the opportunity to travel to Phoenix to commit the crime. As such they are, it seems, relevant. [] Petitioner attached the relevant phone records from U.S. West to this pleading.

<u>Id.</u>, Exh. H (emphasis in original omitted).

The state filed a response to this pleading, arguing

3

Petitioner's claim of newly discovered evidence was dubious because it "seems all along [Petitioner] had in his possession these [phone] records from U.S. West and did not need an advisory attorney and investigator." <u>Id.</u>, Exh. I.  The state also argued that, assuming the claim for post-conviction relief was cognizable, the "new" evidence was insufficient to support a plausible alibi defense to the crimes which occurred on November 24, 1998.  <u>Id.</u>, Exh. I.  The state argued specifically that the phone records did not establish Petitioner himself was in Sedona at his residence during the commission of the offense on November 24, 1998.  <u>Id.</u>, Exh. I.  The state also maintained the phone records did not prove that Petitioner could not have made the phone calls both before and after the offense and also have committed the offense.  <u>Id.</u>, Exh. I.

After reviewing the pleadings regarding the "newly discovered" evidence, the Arizona trial court concluded:

> With respect to the sole issue which this Court found raised a potential "colorable" claim, i.e., the possibility of a "alibi" defense supported and corroborated by phone records which would have placed him in Sedona at the time of the offense, the records and explanations produced have simply failed to provide any evidence which suggests that the evidence would have made any difference had it been discovered or presented to this Court at an earlier time.  For that reason, the Court has determined that no material issue of fact or law has been presented as a result of this investigation which would warrant further evidentiary hearings.  Furthermore, the Court has previously concluded that no other issue raised by the Defendant in his petition warranted relief.  For the above reasons, IT IS ORDERED summarily dismissing the Petition for Post-Conviction Relief filed by the Defendant in this matter.

4

<u>Id.</u>, Exh. J.

Petitioner sought review of the denial of his eighth petition for post-conviction relief by the Arizona Court of Appeals, which dismissed the petition for review because it was not timely filed. <u>See</u> Docket No. 74, Exhs. DDD & FFF. The Arizona Supreme Court also rejected Petitioner's subsequent petition for review of the trial court's decision regarding his "new evidence" claim because it was not timely filed. <u>Id.</u>, Exhs. GGG & HHH.

On July 15, 1999, Petitioner filed a petition seeking a writ of habeas corpus in the United States District Court for the District of Arizona, raising 46 separate claims for relief. In Ground 29 of his petition, Petitioner alleges he is entitled to habeas relief based on newly discovered material facts bearing on his guilt or innocence, i.e., the phone records from the Sedona residence. Docket No. 1 at 34.

On December 3, 1999, Respondents filed an answer to the section 2254 petition. Respondents asserted Petitioner had procedurally defaulted all of his claims for relief, except for Ground 15. On December 10, 1999, Petitioner filed a traverse to the answer to his petition. <u>See</u> Docket No. 75. On March 23, 2000, Magistrate Judge Stephen L. Verkamp issued a Report and Recommendation, recommending that the petition be dismissed as untimely despite Respondents' failure to assert the statute of limitations defense in their answer. <u>See</u> Docket No. 87.

On March 22, 2001, the Honorable Roger G. Strand declined to adopt the Report and Recommendation, and referred

5

the case back to the magistrate judge for review of any claims presented in a procedurally appropriate manner. <u>See</u> Docket No. 105.

On July 5, 2001, Magistrate Judge Verkamp issued a second Report and Recommendation, concluding Petitioner had procedurally defaulted most of his claims for relief. <u>See</u> Docket No. 109 at 5. The second Report and Recommendation recommended rejecting the following grounds for relief on the merits rather than on the basis of procedural default: (1) that Petitioner's due process rights were violated because the trial court failed to follow the proper procedures when imposing sentence upon him (Ground 15); (2) that Petitioner was denied the effective assistance of trial counsel, in violation of the United States Constitution's Sixth Amendment (Ground 20); (3) that Petitioner was denied his right to due process when the trial court improperly considered an expert opinion concerning Petitioner's "emotional propensity to commit sex crimes" (Ground 13); and (4) that the Arizona courts denied Petitioner due process when they refused to reconsider his conviction and sentence after Petitioner alleged he had newly discovered evidence which was exculpatory (Ground 29).

With respect to Petitioner's claim of newly discovered evidence, the second Report and Recommendation stated:

> Petitioner asserts, as his "newly discovered" evidence, that he had an alibi witness for one of the crimes charged, and that he was able to produce records indicating that he was elsewhere when one of the crimes for which he was convicted occurred. Petitioner indicates that he acquired this information

in 1994, four years after his conviction. The fact that Petitioner may have had an address in Sedona as of the date one of the crimes was committed in Phoenix, and that someone was on the phone in Petitioner's apartment on the day that another of the crimes was committed, does not exonerate Petitioner. Furthermore, in the trial court's order of August 24, 1990, it states that "defendant urges that he entered a 'no contest' plea and now wishes to withdraw [it] 'for the reason that he has an alibi witness regarding the counts involving [H.C.].'" State v. Trollope, CR 89-09461 (Superior Ct. Ariz. Aug. 24, 1990).

Therefore, the existence of an alibi was known to Petitioner at the time he entered his plea, and was not "newly discovered" evidence. Nor does the evidence implicate the constitutionality of Petitioner's conviction, as Petitioner's conviction was based on his plea of no contest and the trial court's finding, with Petitioner's acquiescence, that there was sufficient evidence to support Petitioner's conviction. Additionally, there was substantial evidence upon which the state could have gone to trial and convicted Petitioner. Therefore, we may deny habeas relief on this claim because, had a new trial been granted on the basis of the "new" evidence, the new evidence would have been overwhelmed by the contrary evidence available to the prosecution. See Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999) (as amended). See also Swan, 6 F.3d at 1384-85 (holding that newly discovered evidence did not warrant habeas relief when the petitioner was convicted of other crimes not impacted by the new evidence).

On March 29, 2002, Judge Strand adopted the second Report and Recommendation in part. See Docket No. 119. Judge Strand agreed that Petitioner had properly exhausted three claims and that these three claims were meritless. However, Judge Strand also concluded that Petitioner had procedurally defaulted his claim of newly discovered exculpatory evidence (Ground 29). Therefore, Judge Strand declined to adopt that

7

part of the second Report and Recommendation recommending the claim stated in Ground 29 be denied on the merits.

Petitioner sought a certificate of appealability from the denial of his petition for a writ of habeas corpus, which was granted by the District Court on the following issues: (1) the correctness of the District Court's conclusion Petitioner's claim of newly discovered evidence was procedurally defaulted (Ground 29); (2) ineffective assistance of trial counsel (Ground 20); and (3) the trial court's improper consideration of an expert opinion regarding Petitioner's "emotional propensity to commit sex crimes."  Docket No. 135.

After full briefing by the parties and oral argument, the Ninth Circuit Court of Appeals issued a memorandum decision finding Respondents had failed to assert procedural default as a defense to Ground 29 of the petition in the District Court. Accordingly, the Ninth Circuit held, the District Court erred by finding procedural default *sua sponte* and failing to consider the merits of Petitioner's *pro se* claim of newly discovered evidence.  See Docket No. 146.  The Ninth Circuit also concluded the other two claims raised, ineffective assistance of counsel and wrongful admission of expert testimony, were meritless.  Id. The Circuit Court of Appeals therefore affirmed the District Court's decision in part and remanded "for the sole purpose of conducting further proceedings on [Petitioner's] claim of newly discovered evidence."  Id.

On October 1, 2007, the undersigned ordered Respondents to answer Petitioner's assertion that he is entitled to federal

8

habeas relief based on his claim of newly discovered evidence.

Respondents complied in a pleading filed November 8, 2007. See

Docket No. 153.

Respondents assert:

It is not entirely clear from Petitioner's habeas petition what constitutional violation Petitioner is alleging in reference to his newly discovered evidence claim.
To the extent Petitioner is claiming a due process violation based on his allegation that he has been denied the opportunity to present his newly discovered evidence and that the trial court has refused to accept this new evidence of factual innocence, or that the trial court denied him an evidentiary hearing on this issue, Petitioner's claim is meritless and not cognizable. When Petitioner raised this claim of newly discovered evidence (phone records) in his eighth petition for post-conviction relief, the trial court appointed an investigator to assist Petitioner and his advisory counsel in obtaining and presenting to the court evidence concerning his phone records. (Exhibit G.) After counsel for Petitioner filed his notice and explanation of phone records and the State filed a response, the trial court ruled on the claim and found that "no material issue of fact or law has been presented as a result of this investigation which would warrant further evidentiary hearings." (Exhibits H, I, J.) It is clear from these proceedings that Petitioner was given an opportunity to present his claim of newly discovered evidence to the trial [court]; thus, no due process violation occurred.
It is well-settled that a federal court has no authority to review a state court's post-conviction relief procedures. Poland v. Stewart, 169 F.3d 573, 583-84 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). Whether Petitioner was entitled to an evidentiary hearing on his claim of newly discovered evidence in the post-conviction relief proceeding is purely a question of state law, not subject to federal review. Poland, 169 F.3d at 583-84; Gerlaugh, 129 F.3d at 1045. Further, "Claims

9

1            of actual innocence based on newly discovered
2            evidence have never been held to state a
           ground for federal habeas relief absent an
3            independent constitutional violation
           occurring in the underlying state criminal
4            proceeding." <u>Herrera v. Collins</u>, 506 U.S.
           390, 400, 113 S. Ct. 853 (1993)...

5 Docket No. 153 at 9-10.

6       **II Analysis**

7       In Petitioner's eighth action for post-conviction

8 relief, the state court determined what facts were established

9 by the allegedly newly discovered evidence, i.e., phone records,

10 by appointing an investigator and counsel and conducting

11 briefing on the matter. The Arizona state court concluded the

12 "newly discovered" evidence was known to Petitioner at the time

13 he entered his no contest plea and, accordingly, that the

14 evidence was not "newly discovered." Additionally, the state

15 trial court concluded that, if the evidence was before the trial

16 court at the time Petitioner entered his no contest plea, the

17 evidence would not have provided a basis for finding Petitioner

18 not guilty of the crimes of conviction. When this decision is

19 reviewed pursuant to the standard set forth in section 2254(d),

20 the state court's decision was not clearly contrary to

21 established federal law nor an unreasonable application of the

22 law to the facts.

23       In Ground 29 of his federal habeas petition, Petitioner

24 asserts the state court deprived him of due process of law

25 because it did not hold an evidentiary hearing nor reverse his

26 conviction based on his "newly discovered evidence."

27

28                          10

To the extent Petitioner claims the state court reached an incorrect conclusion, although Petitioner has a federal right to a criminal guilt and sentencing proceeding which is void of constitutional error, Petitioner does not have a freestanding federal constitutional right to a factually correct post-conviction decision by a state court and, accordingly, he may not challenge only the outcome of his state post-conviction proceedings in a federal habeas action. See Herrera v. Collins, 506 U.S. 390, 401-02, 113 S. Ct. 853, 860-61 (1993); Ortiz v. Woods, 463 F. Supp. 2d 380, 393 (W.D.N.Y. 2006). The simple fact of a state court's refusal to grant a habeas petitioner a new trial on the basis of allegedly newly discovered evidence is not actionable in a section 2254 habeas corpus proceeding. See Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003).

With regard to his claim that the state erred by not conducting an evidentiary hearing with regard to the "new" evidence, Petitioner does not have a federal constitutional procedural due process right to an evidentiary hearing in a state post-conviction proceeding because alleged procedural errors in state collateral proceedings per se do not rise to the level of a constitutional violation. See, e.g., Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) ("We have clearly held that claims challenging state collateral post-conviction proceedings cannot be brought under the federal habeas corpus provision" (internal quotations omitted)); Shipley v. Oklahoma, 313 F.3d 1249, 1251 (10th Cir. 2002); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997). Unless the state's collateral

11

review of the petitioner's conviction violated some independent constitutional right, an alleged error in the state collateral proceeding cannot form the basis for federal habeas corpus relief.  See, e.g., Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996).  See also, e.g., Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (finding that even constitutional error alleged to have occurred in a state post-conviction proceeding would not provide a basis for federal habeas relief).

To the extent that Petitioner's claim can be construed as one presenting a "freestanding" claim of newly discovered evidence to this Court, or one asserting a "freestanding" claim of actual innocense warranting habeas relief, the claim may also be denied.  The Supreme Court has clearly held that newly discovered evidence provides a basis for federal habeas relief only when it bears on the constitutionality of the petitioner's conviction.  See Herrera, 506 U.S. at 400, 113 S. Ct. at 860.  "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  Id.  See also Cooper v. Woodford, 358 F.3d 1117, 1124 (9th Cir. 2004) (noting the issue of whether habeas relief in a non-capital case may be predicated on a freestanding claim of factual innocence is undecided).

With regard to claims for federal habeas relief predicated on "new" evidence not presented to the state courts,

12

following <u>Herrera</u> the federal courts have uniformly established that there is no "freestanding" claim to federal habeas relief based on the petitioner's "newly discovered evidence." <u>See</u>, <u>e.g.</u>, <u>Coley v. Gonzales</u>, 55 F.3d 1385, 1387 (9th Cir. 1995) ("[the petitioner] seems to be making the claim that he is factually innocent—but that claim alone is not reviewable on habeas."); <u>Foster v. Quarterman</u>, 466 F.3d 359, 367 (5th Cir. 2006) (noting that actual innocence is not cognizable as a "freestanding" basis for federal habeas relief, absent an assertion of a constitutional violation at trial), <u>cert. denied</u>, 127 S. Ct. 2099 (2007); <u>Meadows v. Delo</u>, 99 F.3d 280, 283 (8th Cir. 1996) (holding claims of actual innocence based upon newly discovered evidence are not cognizable in a federal habeas corpus proceeding).[1]

---

[1] It is arguable that Petitioner waived his right to assert a claim of actual innocence by entering a plea of no contest. <u>See</u> <u>Gomez v. Berge</u>, 434 F.3d 940, 943 (7th Cir.) (holding that most antecedent constitutional claims are waived by the entry of a no contest plea, but that a double jeopardy claim is not waived), <u>cert. denied</u>, 126 S. Ct. 2332 (2006). The Ninth Circuit Court of Appeals concluded in an unpublished opinion that a no contest plea waived a habeas claim of actual innocence. <u>See</u> <u>Nagele v. Lewis</u>, 1989 WL 74787, at *2. The effect of a nolo contendere plea in Arizona is not clearly defined as to whether the entry of the plea constitutes an admission of factual guilt. <u>Compare</u> <u>United States v. Poellnitz</u>, 372 F.3d 562 (3d Cir. 2004) ("While a nolo plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt."); <u>Phillips v. Attorney General of State of Cal.</u>, 594 F.2d 1288, 1290 (9th Cir. 1979), <u>with</u> <u>Arizona v. Chagnon</u>, 115 Ariz. 178, 180, 564 P.2d 401, 403 (Ct. App. 1977). <u>See also</u> <u>Arizona v. Stewart</u>, 131 Ariz. 251, 254 n.2, 640 P.2d 182, 185 n.2 (1982) ("a properly entered no contest plea, like a guilty plea, bars the later assertion of constitutional challenges to the pretrial proceedings"); Ariz. Rev. Stat. Ann. § 13-807 ("A defendant convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from

13

Additionally, Petitioner's "new evidence" does not rise to the standard established by the Ninth Circuit for habeas relief predicated on such a claim presented in tandem with an assertion of a constitutional error.  See Boyde v. Brown, 404 F.3d 1159, 1168 n.27 (9th Cir. 2005).  The Ninth Circuit Court of Appeals has concluded that, to be entitled to habeas relief predicated on a proper claim of "newly discovered evidence," the petitioner must establish that the evidence would probably have produced an acquittal.  See Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir. 1993); Harris v. Vasquez, 949 F.2d 1497, 1523 (9th Cir. 1990).  Pursuant to the holdings of the Ninth Circuit Court of Appeals, a petitioner is not entitled to habeas relief if the totality of the "new" evidence does not substantially undermine the structure of the prosecution's case.  See Spivey v. Rocha, 194 F.3d 971, 979 (9th Cir. 1999).[2]  In Carriger v. Stewart, the

---

no contest pleas.").

[2] The undersigned agrees with Respondents that the telephone records are not clearly exculpatory:

> From this pattern of phone calls, it is clear that these phone records do not support an alibi defense; rather, they are more prejudicial to Petitioner. First, Sedona is approximately 95 miles from Phoenix. By freeway, a person could be in either place in less than 2 hours. According to the police report, L.T. was kidnapped at approximately 9:00 a.m. on November 24, 1988, and released near Deer Valley Airport in north Phoenix at approximately 12:20 p.m. (Exhibit K.) From this far north starting point, Petitioner would have a shorter drive on November 24th to return to Sedona and make business or personal calls from his home. The phone calls on the 24th did not begin until 2:53.55 p.m., more than 2 ½ hours after L.T. was released, which provided Petitioner more than enough time to drive back to

Ninth Circuit Court of Appeals noted that, to be entitled to habeas relief based on a claim of actual innocence, the evidence presented by the petitioner to the habeas court would have to be "truly persuasive."   See 132 F.3d 463, 476-77 (1997) (holding the petitioner would have to go beyond establishing doubt about his guilt and affirmatively establish his innocence).

The evidence relied upon in Ground 29 of the petition would not have produced an acquittal if presented in Petitioner's direct appeal or if Petitioner had chosen to reject the plea agreement and go to trial on all of the charges against him. There was substantial evidence, including physical and circumstantial evidence and the testimony of the victims, who identified Petitioner in a line-up, upon which the state could have gone to trial and convicted Petitioner of the charges on which he was convicted based on his no contest plea.   Therefore, the Court may deny habeas relief on this claim because, had a new trial been granted on the basis of the "new" evidence, the

---

Sedona to make phone calls. Second, there is a disruption in the phone call pattern. No calls were made after noon on November 23rd. On the morning of November 24th, at a time of day when calls were usually made, none were made. This supports the theory that Petitioner was in Phoenix and could not make the calls as usual. Petitioner would have had time to drive to Phoenix on the afternoon of the 23rd and return in the early afternoon of the 24th. Third, there was a flurry of calls on November 23rd and 25th suggesting something out of the ordinary was happening. Finally, there is nothing to establish that Petitioner was making the calls in question or that someone else was not authorized to make those calls.

Docket No. 153 at 11-12.

weak "new" evidence would have been overwhelmed by the contrary evidence available to the prosecution, i.e., it does not undermine the structure of the prosecution's case.  See Boyde, 404 F.3d at 1168 (holding the petitioner's freestanding innocence claim failed because the evidence presented would not have produced a different result during the criminal proceedings); Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999) (as amended).  See also Swan, 6 F.3d at 1384-85 (holding that newly discovered evidence did not warrant habeas relief when the petitioner was convicted of other crimes not impacted by the new evidence).

Petitioner asserts in his response to Respondents' most recent pleading that he has presented assertions of constitutional error regarding his arrest and conviction, pursuant to his nolo contendere plea, on Count 3.  See Docket No. 155.  Petitioner misstates the conclusion of the Ninth Circuit Court of Appeals regarding the basis for remand:

> This is all the NEW EVIDENCE and NEW CASE LAW (for that era) that superior court judge "struck" in my MOTION FOR REHEARING *so my APPEAL to state appellate court was "untimely"*; hence from that point forward all these issues were "procedurally defaulted". I am alleging that superior court judge knowingly and intentionally deprived me of my remedy because he knew I was innocent plus a large percentage of the NEW CASE LAW *was against him personally* having been overturned for exhibiting behaviors *"on point" to those he exhibited in my case also*.  **This is the issue that was overturned by U.S. Court of Appeals resulting in this Court's currently reviewing this case.**

Id. (emphasis in original).

16

Petitioner further contends that, in addition to the phone records,

> the "NEW MATERIAL" PCR *also* included a letter from former boss *noting that I was living and working and living in Sedona at time [L.C.] was kidnapped in Phoenix, 100 miles away;* <u>and that I have a continuous chain of events placing me in Sedona the day before, day of and day after crime occurred in Phoenix, in the case with no evidence to link me to the crime</u>.

<u>Id.</u> at 2.  Petitioner further avers: "Also included in 'NEW MATERIAL" PCR is outside affidavit that plea was result of threats and promises, arguments depicting prejudice of trial court judge..."  <u>Id.</u>

With regard to how any "new evidence" might affect his conviction pursuant to his no contest plea with regard to Count 8, involving crimes occurring on a different date than November 24, 1988, and not affected by the telephone records, Petitioner asserts he

> moved the trial court to withdraw from Plea when alibi witness was found placing Petitioner elsewhere when [H.C.] was assaulted... again in a case where fingerprints and tire tracks at scene don't match Petitioner's, neither [H.C.] nor mom ID Petitioner in photo lineup, and where Petitioner's Dad found car that matched right down to broken left tail light, took pictures of it, sent it to judge, PD and prosecutor *and no one cared;* court refused to allow Petitioner to withdraw from Plea. ... Petitioner's credibility is bolstered *and that state's case is pure fiction*.

17

1  Id. at 4.[3]

2      Petitioner would presumably have been aware of any
3  alibi witness regarding events occurring in 1988 and 1989 prior
4  to the date he entered his no contest plea, i.e., May 14, 1990.
5  Petitioner's motion to withdraw from the plea agreement was
6  considered by the state trial court on or about August 23, 1990.
7  Petitioner argued he had an alibi witness with regard to the
8  charges involving victim H.C.  See Petition filed July 13, 1999,
9  Attach.  Petitioner argued "the 'discovery' of the alibi witness
10  amounts to a 'misapprehension of an essential factor which
11  induced...the plea agreement'."  Id.  The motion was denied on
12  August 24, 1990, because the trial court concluded "[t]he
13  existence of a possible alibi must necessarily be a factor
14  weighed in the initial decision to plead 'no contest'."  Id.
15  The trial court further stated:  "When the only basis for a
16  motion to withdraw is that the defendant apparently changes his
17  mind and claims to be innocent, and no mistake or
18  misapprehension is shown, the motion should be denied."  Id.
19  The court noted the evidence was not "newly discovered" and that
20  it "should have constituted part of the 'tactical'
21  considerations in the decision to enter an Alford plea."  Id.
22  Accordingly, this Court may reasonably conclude that any "new
23  evidence" with regard to an alibi witness was available to

24  _____

25      [3] The undersigned notes that, during his pre-sentence
26  interview, Petitioner denied having committed the crimes to which he
   pled nolo contendere but admitted to the other crimes with which he
27  was charged, i.e., the events occurring on April 22 and June 19, 1989.
   See Docket No. 153, Exh. K at 5.

28                                18

Petitioner at the time he entered his plea.

The undersigned notes the issue of "new evidence" with regard to phone records was not raised in Petitioner's direct appeal, and it was not raised in any action for post-conviction relief until 1994. Additionally, when he entered his plea, Petitioner acknowledged that, had he gone to trial, the state could have presented evidence regarding each of the counts of conviction, i.e., that the state had sufficient evidence to convict him of the charges relating to victim L.T. and victim H.C. Furthermore, had Petitioner chosen to go to trial with his allegedly exculpatory evidence regarding victims L.T. and H.C., Petitioner does not indicate what evidence, if any, existed to warrant acquittal on the other charges involving the two other victims. The undersigned notes that, when asked specifically during his plea colloquy whether anyone had promised him anything to plead no contest and whether he had been forced or threatened into entering a plea agreement, Petitioner replied: "No, sir, not in any way." Docket No. 153, Exh. D at 10.[4]

---

[4] At the plea hearing, the issue of any involvement by Petitioner's father or counsel retained by Petitioner's father in entering the plea agreement was raised. Docket No. 155, Exh. D at 14. Petitioner twice iterated that no one had forced or threatened him regarding entering a guilty plea. Id., Exh. D at 14.

Furthermore, in denying Petitioner's motion to withdraw from his guilty plea, the trial court stated:

The three month delay between acceptance of the plea and the presentation of the alleged alibi witness may also be considered by the court. [] The Court finds that the defendant's motion is the result of an apparent change of mind, following the realization and contemplation of the possible sentence, the pre-occupation of which the Court infers from the numerous, lengthy letters received from the defendant. The Court

**III Conclusion**

Petitioner's claim that he is entitled to federal habeas relief because the state court denied him due process of law when it declined to hold an evidentiary hearing or grant collateral relief, based on his claim of newly discovered evidence, may be denied on the merits.

**IT IS THEREFORE AGAIN RECOMMENDED** that, upon remand from the Ninth Circuit Court of Appeals, the remaining claim in Mr. Trollope's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any

concludes that the defendant has failed to demonstrate a "manifest injustice" will occur by the denial of this motion....
Petition filed July 13, 1999, Attach.

20

factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 28th day of January, 2008.


_____
Mark E. Aspey
United States Magistrate Judge

21