**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| THOMAS MICHAEL TROLLOPE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TERRY L. STEWART, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | CIV 99-1270 PHX ROS (MEA) <br><br> REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

Before the Court is Petitioner's motion at Docket No. 158, captioned as a "Motion to Re-Calendar Amended Petition for Writ of Habeas Corpus of 2003-2004 re: Factual Innocence," filed January 17, 2008, which was referred to the undersigned for preparation of a Report and Recommendation on April 8, 2008.

**I Background**

On September 13, 1989, Petitioner was charged by means of a grand jury indictment with nine counts involving felony dangerous crimes against children. See Docket No. 153, Exh. A. The charges were comprised of two counts of kidnapping, three counts of molestation of a child, and one count each of aggravated assault, criminal trespass in the first degree, attempted kidnapping, kidnapping, and sexual abuse. See id., Exh. A. On May 14, 1990, Petitioner entered into a plea

agreement, agreeing to plead no contest to two counts of child molestation. Id., Exh. B. On August 24, 1990, the trial court sentenced Petitioner to an aggravated term of 22 years imprisonment pursuant to his conviction on Count 3 for child molestation. Id., Exh. E. The trial court also sentenced Petitioner to a consecutive term of 18 years imprisonment pursuant to his conviction on a charge of attempted sexual abuse and a term of lifetime probation on the other conviction for child molestation. Id., Exh. E.

Petitioner took a direct appeal of his convictions and sentences, which was denied, and he filed numerous unsuccessful petitions for post-conviction relief and petitions for review in the Arizona trial court, the Arizona Court of Appeals, and the Arizona Supreme Court. See Docket No. 74, Exhs. C, E, H-L, R, T-Y, EE-II, KK, LL, OO-QQ, SS-UU, WW, CC, DDD, GGG. In his eighth state petition for post-conviction relief, filed October 31, 1994, Petitioner alleged, *inter alia*, that he had newly discovered evidence which cast doubt on his guilt regarding one of the charges to which he had pled nolo contendere. Id., Exh. F. After reviewing the pleadings regarding the "newly discovered" evidence, the Arizona trial court concluded there was no evidence suggesting the evidence would have made any difference had it been discovered or presented to the state court at an earlier time and dismissed the action. Id., Exh. J. Petitioner sought review of the denial of his eighth petition for post-conviction relief by the Arizona Court of Appeals, which dismissed the petition for review because it was not

-2-

timely filed. See Docket No. 74, Exhs. DDD & FFF. The Arizona Supreme Court also rejected Petitioner's subsequent petition for review of the trial court's decision regarding his "new evidence" claim because it was not timely filed. Id., Exhs. GGG & HHH.

On July 15, 1999, Petitioner filed a petition seeking a writ of habeas corpus in the United States District Court for the District of Arizona, raising 46 separate claims for relief. In Ground 29 of his petition, Petitioner alleges he is entitled to habeas relief based on newly discovered material facts bearing on his guilt or innocence, i.e., the phone records from the Sedona residence. Docket No. 1 at 34. Petitioner filed, *inter alia*, a motion for summary judgment, a motion for summary judgment regarding "prior bad acts," and numerous memorandums and briefs, exhibits and appendices in support of these motions. See Docket Nos. 11-26. Petitioner filed "briefs" in support of his petition for a writ for habeas corpus on October 28, 1999, each brief accompanied by appendices and in support of a separate allegation raised in his habeas petition. See Docket Nos. 31-66.

On November 2, 1999, Petitioner filed a motion to "late file briefs" in support of his petition for habeas corpus. See Docket No. 69.

On January 19, 2000, Magistrate Judge Verkamp granted Petitioner's motion at Docket No. 69, construing it as one seeking leave to amend his petition to add a claim regarding the admission of "prior bad acts" evidence. See Docket No. 76. On

-3-

1  January 19, 2000, Petitioner filed four "amendments" to his
2  petition.  <u>See</u> Docket No. 79-82.

3  On March 23, 2000, Magistrate Judge Verkamp issued a
4  Report and Recommendation, recommending that the petition be
5  dismissed as untimely despite Respondents' failure to assert the
6  statute of limitations defense in their answer.  <u>See</u> Docket No.
7  87.   Petitioner filed objections to the Report and
8  Recommendation on April 13, 2000.  <u>See</u> Docket No. 90.
9  Petitioner also filed exhibits in support of his objections to
10 the Report and Recommendation and a motion for summary judgment.

11 On March 22, 2001, the Honorable Roger G. Strand
12 declined to adopt the Report and Recommendation, and referred
13 the case back to the magistrate judge for review of any claims
14 presented in a procedurally appropriate manner.  <u>See</u> Docket No.
15 105.

16 On July 5, 2001, Magistrate Judge Verkamp issued a
17 second Report and Recommendation, concluding Petitioner had
18 procedurally defaulted most of his claims for relief.  <u>See</u>
19 Docket No. 109 at 5. The second Report and Recommendation
20 suggested rejecting some of Petitioner's claims for relief on
21 their merits, rather than on the basis of Petitioner's
22 procedural default of the claims.  The claims Magistrate Judge
23 Verkamp recommended be rejected on the merits included
24 Petitioner's claim that the Arizona courts denied Petitioner due
25 process of law when they refused to reconsider his conviction
26 and sentence after he alleged he had newly discovered
27 exculpatory evidence.  Additionally, the second Report and
28

-4-

Recommendation concluded the evidence was not "newly discovered" evidence and that the evidence did not implicate the constitutionality of Petitioner's conviction because the conviction was based on his plea of no contest.

Petitioner twice sought additional time to file objections to the second Report and Recommendation, which motions were granted. See Docket No. 111 (dated July 23, 2001). Petitioner filed objections to the second Report and Recommendation and exhibits in support of his objections on August 9, 2001. See Docket No. 117 & Docket No. 118.

On March 29, 2002, Judge Strand adopted the second Report and Recommendation in part. See Docket No. 119. Judge Strand concluded, *inter alia*, that Petitioner had procedurally defaulted his claim of newly discovered exculpatory evidence. Therefore, Judge Strand declined to adopt that part of the second Report and Recommendation recommending the claim stated in Ground 29 be denied on the merits rather than on the basis of procedural default. Judge Strand determined the claim should be denied based on Petitioner's failure to properly exhaust the claim in the state courts, i.e., his procedural default of the claim. Judge Strand summarily concluded Petitioner had not shown cause for, nor prejudice arising from, his procedural default of the claim which might excuse the procedural default and allow the Court to consider the merits of the claim. Judge Strand also summarily stated that Petitioner had not established a fundamental miscarriage of justice would occur if the merits of the claim were not considered. Judge Strand ordered the

petition for habeas relief be denied on March 29, 2002.

Petitioner filed two motions to extend the time allowed to seek reconsideration of Judge Strand's decision denying habeas relief, which motions were granted. <u>See</u> Docket No. 120 & Docket No. 121. Petitioner filed a motion for reconsideration of the denial of relief, and a supplement and an appendix to his motion, on May 13, 2002. <u>See</u> Docket No. 122. On January 30, 2003, Petitioner sought to stay the motion for reconsideration, asserting he had claims he wished to proceed with in the state courts. <u>See</u> Docket No. 130. On April 7, 2003, Judge Strand denied Petitioner's motion for a stay and his motion for reconsideration of the denial of habeas corpus relief. <u>See</u> Docket No. 131. On April 7, 2003, the Court again denied habeas relief, and judgment was entered. <u>See</u> Docket No. 132.

Petitioner sought a certificate of appealability by the District Court from the denial of his petition for a writ of habeas corpus, which was granted on April 28, 2003. <u>See</u> Docket No. 135.

Petitioner filed an amended petition for writ of habeas corpus on November 1, 2004, while his appeal of the denial of relief was pending before the Ninth Circuit and more than four years after his original petition challenging his 1990 conviction was filed, and more than three years after he filed an amended petition for habeas relief with leave of the Court. <u>See</u> Docket No. 136. On June 9, 2005, the Ninth Circuit Court of Appeals ordered Petitioner be provided counsel with regard to his appeal of the denial of habeas relief. <u>See</u> Docket No. 139.

On July 29, 2005, Judge Strand ordered the Clerk of the Court to strike Petitioner's amended petition for habeas relief. See Docket No. 142. The order states Petitioner's amended petition at Docket No. 136 raises "a claim of 'actual innocence' under Arizona Rule of Criminal Procedure 32.1(h)..." The order notes Petitioner had averred his intent to file a "new state PCR Motion." The order noted Petitioner's appeal of the denial of habeas relief was then pending before the Ninth Circuit Court of Appeals and stated:

> Accordingly, in light of the fact that Petitioner's appeal is ongoing in the Ninth Circuit and that this Court therefore lacks jurisdiction to consider Petitioner's Amended Petition [] ... , IT IS ORDERED directing the Clerk of the Court to strike Petitioner's Amended Petition for Writ of Habeas Corpus and related documents. [] At the conclusion of the current appellate proceedings, Petitioner may re-file said Petition **after first obtaining an order from the Court of Appeals authorizing this Court to consider the Petition** as required by Rule 9 of the Rule Governing Section 2254 Cases in the United States District Courts.

Id. at 2 (emphasis added).

On March 5, 2007, after full briefing by the parties and oral argument, the Ninth Circuit Court of Appeals issued a memorandum decision finding Respondents had failed to assert procedural default as a defense to Ground 29 of the petition in the District Court. Accordingly, the Ninth Circuit held, Judge Strand had erred by *sua sponte* finding Petitioner had procedurally defaulted this claim and, accordingly, failing to consider the merits of Petitioner's *pro se* claim of newly discovered evidence. See Docket No. 146. The Ninth Circuit

-7-

also concluded the other two claims raised in the appeal, ineffective assistance of counsel and wrongful admission of expert testimony, were meritless. Id. The Circuit Court of Appeals therefore affirmed the District Court's decision in part and remanded "for the sole purpose of conducting further proceedings on [Petitioner's] claim of newly discovered evidence." Id.

The matter was re-referred to the undersigned, who ordered Respondents to brief the merits of Petitioner's claim of newly discovered evidence. Respondents complied with the order and Petitioner filed a response to the pleading filed by Respondents. See Docket No. 153, Docket No. 154, Docket No. 155. In a Report and Recommendation issued January 29, 2008, see Docket No. 159, the undersigned concluded Petitioner's claim that he is entitled to federal habeas relief because the state court denied him due process of law when it declined to hold an evidentiary hearing or grant collateral relief, based on his claim of newly discovered evidence, should be denied on the merits. The Court has not yet adopted nor rejected the Report and Recommendation.

Petitioner filed his pending motion, captioned as one to "re calendar" his amended petition seeking a writ of habeas corpus, on January 17, 2008. See Docket No. 158. Petitioner "direct[s]" the Court's attention to his "AMENDED PETITION of 2003-2004". Petitioner's motion at Docket No. 158, in addition to the above-quoted sentence states in its entirety:

> The AMENDED PETITION specifically delineates my FACTUAL INNOCENCE/MANIFEST INJUSTICE claims as "GATEWAY" to this Court's considering my other issues, as corollary to "NEW EVIDENCE" REMAND FROM Ninth Circuit Court. The contents of the AMENDED PETITION have a direct bearing on my "NEW EVIDENCE" claim which was genesis of Ninth Circuit Court's REMAND of my case to this Court.
> To my recollection, this AMENDED PETITION was dismissed (without prejudice to revisit at later date) as my APPEAL was already in the Ninth Circuit.
> I am moving Court to RECONSIDER merits of the AMENDED PETITION as part of its review of my "NEW EVIDENCE" proceedings.

**II Analysis**

The amended habeas petition Petitioner now seeks to "re calendar" sought to raise a claim that Petitioner was entitled to federal habeas relief because he was actually innocent. The undersigned notes the claim is substantially similar to the "newly discovered evidence" claim which is currently being considered on the merits by the Court pursuant to the Report and Recommendation filed January 28, 2008.

The motion at Docket No. 158 could be construed as a motion seeking to now amend Petitioner's claims for habeas relief by means of the "amended petition" lodged at Docket No. 136 and stricken from the record by Judge Strand. A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. See 28 U.S.C. § 2242 (2006 & Supp. 2007). Rule 15(a), Federal Rules of Civil Procedure, governs a petitioner's motion to amend his habeas petition. See Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004).

-9-

Whether to permit the amendment of a habeas petition, after responsive pleadings have been filed, is a matter within the discretion of the Court. See, e.g., id., 363 F.3d at 837; Duff-Smith v. Collins, 973 F.2d 1175, 1180 (5th Cir. 1992). The denial of leave to amend is reviewed only for an abuse of discretion. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). The Court's discretion may be exercised to deny leave to amend if the Court finds undue delay or a dilatory motive, futility of amendment, or that the petitioner has previously been allowed to amend their pleadings. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Caswell, 363 F.3d at 837-38. The Court may properly deny leave to amend based solely upon the futility of the proposed amendment. See, e.g., Bonin, 59 F.3d at 845. Where a petitioner has had many opportunities to timely amend their claims and has failed to do so, a motion to amend is properly denied. Cf. Cooper v. Brown, 510 F.3d 870, 872, 917-18 (9th Cir. 2007) (holding claims presented in a successive petition must meet the timeliness and adequacy requirements of the AEDPA); In re Byrd, 269 F.3d 561, 572 (6th Cir. 2001). Additionally,

> if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served ... [if] the district court denies the habeas petition and the court of appeals affirms the judgment of the district court forthwith.

United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1140 (7th Cir. 1990), quoting United States ex rel. Allum v. Twomey,

484 F.2d 740, 743 (7th Cir. 1973).

To the extent Petitioner might now seek to amend his petition to add additional claim(s) for federal habeas relief, or a claim that he is entitled to relief because he was convicted and he is actually innocent, in addition to his 46 original claims for relief and the four "amendments" to his petition allowed by the Court, the motion should be denied. To the extent Petitioner again seeks to assert the state court erred by not considering or not reaching the correct decision regarding his "actual innocence," leave to amend would be futile because the allegedly erroneous application of substantive state law is not reviewable in a federal habeas corpus proceeding. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80 (1991).

To the extent Petitioner seeks leave to amend to assert a "free-standing claim of innocence" with regard to a non-capital conviction and sentence, such a claim is not cognizable in a federal habeas proceeding. Cf. Herrera v. Collins, 506 U.S. 390, 417, 113 S. Ct. 869-70 (1993) (assuming without deciding that if a free-standing claim of innocence is cognizable, it would be a claim of "actual innocence" of the crime with an extremely high standard of proof); Carriger v. Stewart, 132 F.3d 463, 476-77 (9th Cir. 1997) (holding that, if recognized, a free-standing innocence claim would require proof that the defendant is factually innocent of the crime).

For the numerous reasons previously repeatedly stated in the other Reports and Recommendations filed in this matter,

-11-

Petitioner has not met the extremely high standard of proof necessary to establish any potential "actual innocence" basis for habeas relief in and of itself, see, e.g., <u>Royal v. Taylor</u>, 188 F.3d 239, 243-44 (4th Cir. 1999), even if innocence of a <u>non-capital</u> offense could amount to a "fundamental miscarriage of justice," which to the undersigned's knowledge has never been established.  There is no support for Petitioner's assertion that his alleged actual innocence is a cognizable "stand-alone" claim for federal habeas relief and, as concluded in the previous Reports and Recommendations, Petitioner has not established a cognizable claim that his federal constitutional rights were violated in his criminal plea and sentencing proceedings.  Accordingly, it would be futile to allow amendment to add an "actual innocence" claim for relief to Petitioner's federal habeas petition because it does not present a cognizable claim for federal habeas corpus relief.

Alternatively, the relief sought by Petitioner could be also be construed as seeking reconsideration of Judge Strand's decision effectively denying, for lack of jurisdiction, leave to file an amended habeas petition, i.e., the amended petition lodged at Docket No. 136, without prejudice.  In that respect, the motion should also be denied as the original order was not in error.  A habeas petition asserting a new claim filed after the denial of relief based on the original petition is on appeal is considered a second or successive petition for relief, for which leave to file must be sought from the Circuit Court of Appeals before the filing of the pleading.  See 28 U.S.C. §

2244(b)(3)(A) (2006& Supp. 2007); Ochoa v. Sirmons, 485 F.3d 538, 541-42 (10th Cir. 2007). This is because a claim which could have been raised in the initial petition but which was not raised therein is barred from consideration based on the "abuse of the writ" doctrine. See, e.g., Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005).

To the extent Petitioner's motion at Docket No. 158 seeks to present additional information or argument to the Court regarding whether Petitioner may pass through the "gateway" of the "actual innocence" exception to consideration of his "new evidence" habeas claim on the merits, rather than face denial of the claim based on his procedural default of the claim in the state courts, as Judge Strand erroneously decided, the relief sought by Petitioner is moot. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner [can] pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404, 113 S. Ct. at 862. Because the Ninth Circuit effectively gave Petitioner a "pass" through the gateway, the Court's additional consideration of Petitioner's entitlement to the pass is unwarranted and does not constitute judicial efficiency. The Ninth Circuit Court of Appeals ordered the Court to consider the merits of the "new evidence" claim notwithstanding Petitioner's alleged procedural default of the claim in the state courts, and the currently-pending Report and Recommendation recommends denial of the claim on the merits, not on the basis of any procedural default or failure to exhaust the

-13-

claim in the state courts. Accordingly, the issue of whether Petitioner has established his entitlement to the "actual innocence" exception to the procedural default rule is not before the Court.

The substance of the relief sought by Petitioner could also be construed as asking the Court to consider the contents of the amended petition at Docket No. 136 when deciding the merits of his "new evidence" claim upon remand from the Ninth Circuit, i.e., to "reopen" the pleading with regard to the merits of his remaining habeas claim and re-docket these assertions of fact and supporting documents. All of the information provided in the amended petition and the appendices and briefs simultaneously filed, is yet another presentation of the same allegations and arguments couched elsewhere in different terms. Accordingly, the motion may also be denied in this regard as moot because the contents of the amended petition at Docket No. 136, both factual and argumentative, have been elsewhere reproduced and presented to the Court by Petitioner in various contexts.

The undersigned diligently addressed the merits of the only colorable habeas claim stated by Petitioner, as ordered by the Ninth Circuit Court of Appeals, after considering the evidence offered in support thereof in Petitioner's first petition for habeas relief, <u>see</u> Docket No. 1, the amendments to the habeas petition filed with leave of the Court, <u>see</u> Docket Nos. 30-64 and Docket Nos. 79-82, all of Petitioner's objections to the first two Report and Recommendations, <u>see</u> Docket No. 90

-14-

& Docket No. 91, the order of the Ninth Circuit Court of Appeals, and Petitioner's pleadings in response to Respondents' brief upon remand from the Ninth Circuit Court of Appeals, see Docket No. 155. The undersigned concludes that the Court's discretion would not be properly exercised to allow Petitioner to substantively amend his habeas petition at this time or to allow Petitioner to "refile" the amended petition which was previously stricken from the record with leave to re-file only with permission of the Ninth Circuit Court of Appeals.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion at Docket No. 158 be **denied.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia,

-15-

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 15th day of April, 2008.

_____
Mark E. Aspey
United States Magistrate Judge