IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Michael Trollope,<br><br>    Petitioner,<br><br>vs.<br><br>Terry L. Stewart, et al.,<br><br>    Respondents. | No. CV 99-1270-PHX-ROS<br><br>**ORDER** |

    Pending before the Court are Petitioner Thomas Trollope's Motions to Appoint Counsel and to Reconsider, as well as his Petition for Habeas Corpus. Magistrate Judge Mark Aspey has written a Report and Recommendation ("R & R") regarding the habeas petition and motion to reconsider, recommending denial of both, to which Petitioner timely filed objections. For the reasons stated herein, the motions and habeas petition will be denied.

## BACKGROUND

    Petitioner plead no contest to two counts of child molestation and one count of attempted sexual abuse. He was sentenced to 22 years imprisonment and lifetime probation for the child molestation counts and 18 years imprisonment for attempted sexual abuse, to be served consecutively. The R&Rs set forth the background of this case, and neither party objected to that background. Thus, the Court adopts that background as an accurate recital.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections were filed, the Court reviews the Magistrate Judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

**ANALYSIS**

**I.    Motion to Appoint Counsel**

The Court may appoint counsel to represent a habeas petitioner whenever it determines that "the interests of justice so require" and such person is "financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 2254(h). The decision to appoint counsel is within its discretion. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).

Petitioner has presented his claims adequately, and the issues are not particularly complex. See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). Moreover, he does not assert that he unable to adequately advocate his cause, merely that the counsel assigned to him for his appeal to the Ninth Circuit is familiar with the case. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (concluding that where the "[a]ppellant [has not] show[n] that because of the complexity of the claims he was unable to articulate his positions[,]" the district court does not abuse its discretion in denying the request for appointment of counsel).

Therefore, the interests of justice do not require appointment of counsel.

**II.   Motion to Reconsider**

Petitioner's motion to reconsider has been construed as a renewed motion to amend his petition. (Doc. 164). After a responsive pleading is served, a party may only amend its petition for habeas corpus by written consent of the adverse party or by leave of court. See Fed. R. Civ. P. 15(a). To determine whether to permit an amendment, courts consider: "(1)

1  bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and
2  (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375
3  F.3d 805, 808 (9th Cir. 2004). Futility of amendment alone can justify the denial of a motion
4  for leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

5  The Magistrate Judge recommend denial of Petitioner's renewed motion to amend on
6  the grounds of futility of amendment. The Court agrees that the amendment is futile.

7  **III.    Petition for Habeas Corpus**

8  Petitioner asserts that he is entitled to habeas relief based on his claim of newly
9  discovered evidence. Under the Antiterrorism and Effective Death Penalty Act of 1996, a
10 federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated
11 on the merits in State court proceedings" unless the State court decision (1) "was contrary
12 to, or involved an unreasonable application of, clearly established Federal law, as determined
13 by the Supreme Court of the United States," or (2) "was based on an unreasonable
14 determination of the facts in light of the evidence presented in the State court proceeding."
15 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412–413 (2000).

16 Having reviewed the issue *de novo*, the Magistrate Judge properly concluded that the
17 state court's decision was not clearly contrary to established federal law nor an unreasonable
18 application of the law to the facts.

19 Accordingly,

20 **IT IS ORDERED** that the Motions to Appoint Counsel (Docs. 157, 160) are
21 **DENIED.**

22 **IT IS FURTHER ORDERED** that the R&R regarding the Motion to Reconsider
23 (Doc. 165) is **ADOPTED.**

24 **IT IS FURTHER ORDERED** that the Motion to Reconsider (Doc. 158) is **DENIED.**

25 **IT IS ORDERED** that the R&R regarding the Petition for Habeas Corpus (Doc. 159)
26 is **ADOPTED.**

27 **IT IS FURTHER ORDERED** that the Petition for Habeas Corpus (Doc. 1) is
28 **DENIED.**

1   **IT IS FURTHER ORDERED** that this case shall be terminated.

2

3
         DATED this 2nd day of June, 2008.
4

5

6

7

8
                                            _____
9                                                   Roslyn O. Silver
10                                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -